IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LACY and GOD'S CHURCH, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-526-B |
| | ) | |
| DALLAS POLICE DEPARTMENT and | ) | |
| DALLAS CODE ENFORCEMENT, | ) | |
| Defendants. | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**BACKGROUND**

Plaintiff David Lacy ("Lacy") states that the Dallas Code Enforcement Office violated his civil rights under 42 U.S.C. § 1983. He states the Code Enforcement Office wrongfully removed a mail box at God's Church and wrongfully alleged code violations against God's Church. He also claims the Dallas Police Department violated his civil rights because it wrongfully revoked his driver's license, failed to dismiss old tickets, confiscated his firearm, and alleged that he is a felon . Plaintiffs seek money damages. The Court did not issue process pending preliminary screening.

**SCREENING**

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I).

An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## **DISCUSSION**

Under § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff God's Church has failed to show that the temporary removal of its mailbox and the notification of city code violations violated any constitutional right. These claims should therefore be dismissed.

Additionally, Plaintiff Lacy has failed to show that the revocation of his driver's license and/or any outstanding tickets entitled him to relief under § 1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or sentence does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff Lacy has not shown that the revocation of his driver's license or the outstanding tickets have been invalidated. These claims should therefore

be dismissed.

Plaintiff Lacy also claims the Dallas Police Department confiscated his firearm. To the extent Plaintiff Lacy alleges this confiscation was unauthorized, his claim is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer,* 468 U.S. 517, 534-35, 104 S.Ct. 3194, 3204 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543, 101 S.Ct. 1908, 1917 (1981) (*overruled in part not relevant here, Daniels v. Williams,* 474 U.S. 327 (1986)). According to this doctrine, a negligent or even an intentional deprivation of property by state officials that is unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson,* 468 U.S. at 533-34; *see also Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine). It is well established that Texas state law provides an adequate post-deprivation remedy. *see Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement [of an adequate post-deprivation remedy]"). Thus, Plaintiff's claim should be dismissed.

Finally, Plaintiff Lacy claims Defendants harmed his reputation by stating he is a felon. Allegations of an injury to one's reputation, however, fail to state a claim under § 1983. *Cinel v. Conwick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

**RECOMMENDATION**

The Court recommends that Plaintiff Lacy's § 1983 claims regarding the revocation of his driver's license and outstanding tickets should be dismissed with prejudice until the *Heck v. Humphrey* conditions are met; and (2) Plaintiffs' remaining § 1983 claims should be dismissed with prejudice.

Signed this 26th day of July, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).